UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHANNON GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  17-3255 |
| | ) | |
| GREENE COUNTY, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS GREENE COUNTY AND SHERIFF JIM ARNOTT'S SUGGESTIONS IN
SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

COME NOW, Defendants Greene County and Sheriff Jim Arnott ("Moving Defendants"),

by and through their attorneys of record, Keck & Austin, LLC, and pursuant to Fed.R.Civ.P. 12 and

the Local Rules of this Court, respectfully submit the following Suggestions in Support of their

Motion for Judgment on the Pleadings.

**BACKGROUND**

Plaintiff Shannon Gibson filed her First Amended Complaint (Doc. 6) purporting to set out

claims under 42 U.S.C. §1983 and Missouri state law for alleged incidents that occurred when she

was an inmate in the Cedar County Jail ("CCJ") and Greene County Jail ("GCJ").  Plaintiff alleged

she was an inmate at the GCJ and due to overcrowding she was transferred to the CCJ.  (Doc. 6,

para. 12-13).  Plaintiff claimed after arriving at the CCJ, corrections officer Austin Levine sexually

assaulted her.  (Doc. 6, para. 46).  Plaintiff asserted that after she was returned to the GCJ, Lt. Mays

kept her in solitary confinement and denied her medication, food, and water, because Plaintiff

refused to cooperate with an investigation into the alleged sexual assault.  *See* (Doc. 6, para. 35, 47).

Plaintiff purported to assert claims against the Moving Defendants under 42 U.S.C. §1983 for

violations of her constitutional rights to due process of law and right to privacy (Count I), negligent training, supervision, and retention (Count II), municipal liability under 42 U.S.C. §1983 (Count III), cruel and unusual punishment under the Eighth Amendment (Count IV), and a prayer for attorney fees (Count VIII). However, Plaintiff's allegations against the Moving Defendants fail to state a claim for which relief can be granted.

## LEGAL STANDARD

The same standards that govern motions to dismiss under Rule 12(b)(6) apply to motions for judgment on the pleadings under Rule 12(c). *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true the fact allegations in the Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The Amended Complaint does not have to provide specific facts in support of Plaintiff's allegations. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, Plaintiff "must include sufficient factual information to provide 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.2008). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555. (internal citations omitted). The Amended Complaint must contain direct or inferential allegations that support all the elements necessary to state a claim. *Id*. at 562. (internal citation omitted). The Court is not bound to accept as a true a legal proposition couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ARGUMENT

## 1. Plaintiff failed to state a claim for which relief can be granted as to Count I-Due Process and Privacy under 42 U.S.C. §1983

Plaintiff has not alleged the Moving Defendants were personally involved in any of the events referred to in the Amended Petition; rather, Plaintiff has concluded that the Moving Defendants should be liable for the actions of various supposed subordinates. *See e.g.* (Doc. 6, para. 42(a-j)). It is well-established that there is no respondeat superior liability under §1983. *See e.g. Szabla v. City of Brooklyn Park*, 486 F.3d 385, 397 (8th Cir.2007)(no liability merely because official employs the individual who allegedly violated the plaintiff's constitutional rights). "[A] supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir. 2003). To state a claim against the Moving Defendants, Plaintiff must show the Moving Defendants were deliberately indifferent to her constitutional rights. *See e.g. Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). "In contrast to negligence, 'deliberate indifference requires a highly culpable state of mind approaching actual intent.'" *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017)(*quoting Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993)). Moreover, each defendant's state of mind "must be measured by the official's knowledge at the time in question, not by 'hindsight's perfect vision.'" In that regard, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(internal citation omitted). Simply put, Plaintiff's conclusory allegations, such as that "members of Greene County, including Sheriff Arnott, knew or should have known…" (Doc. 6, para. 49) are insufficient demonstrate the involvement or knowledge necessary to make the Moving Defendants liable for the conduct of

3

others.  *See Papasan*, 478 U.S. at 286.

### 2.  Plaintiff failed to state a claim for which relief can be granted as to Count II-Negligent Training, Supervision, Retention

In Count II, Plaintiff asserted the Moving Defendants negligently trained, supervised, and retained employees.  (Doc. 6, para. 58-68).  However, Plaintiff failed to include any allegations that could show any applicable exception to sovereign immunity, official immunity, or the public duty doctrine; and thus she has failed to state any claim for which relief could be granted.

#### i.  Sovereign Immunity

Plaintiff admitted that Greene County is a public entity.  (Doc. 6, para. 6).  Plaintiff bears the burden of showing an exception to sovereign immunity applies, as "[a] party pleading an exception to a general rule of non-liability must plead the facts giving rise to the exception." *See e.g. Phelps v. City of Kansas City* 371 S.W.3d 909, 913 (Mo. App. W. D. 2012)(quoting *Thomas v. City of Kansas City*, 92 S.W.3d 92, 101 (Mo. App. W.D. 2002)). "Sovereign immunity is a judicial doctrine that precludes bringing suit against the government without its consent." *Ford v. Cedar County*, 216 S.W.3d 167, 170 (Mo. App. S.D. 2006)(quoting *State ex rel. Div. of Motor Carrier and R.R. Safety v. Russell*, 91 S.W.3d 612, 615 (Mo. banc 2002).  Courts strictly construe statutory provisions that waive a public entity's sovereign immunity.  *Maune ex rel. Maune v. City of Rolla*, 203 S.W.3d 802, 805 (Mo. App. S.D. 2006).  "The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies." *Boever v. Special School Dist. of St. Louis County*, 296 S.W.3d 487, 491 (Mo. App. E.D. 2009)(quoting *Best v. Schoemehl*, 652 S.W.2d 740, 743 (Mo.App.1983).  Plaintiff's conclusory allegations, such as that "Greene County and [Sheriff] Arnott knew or

4

reasonably should have anticipated that Mays was violating Plaintiff's constitutional rights…" (Doc. 6, para. 66) are insufficient; primarily because they are conclusory, but also because staff assignments alone are insufficient to show any exception to sovereign immunity. *See e.g. Rodgers v. City of North Kansas City*, 340 S.W.3d 154, 158 (Mo. App. W.D. 2011).

## ii. Official Immunity

Plaintiff admitted Sheriff Arnott was the Sheriff of Greene County, Missouri. (Doc. 6, para. 5). Plaintiff bears the burden of showing an exception to official immunity applies. *Stephens v. Dunn*, 453 S.W.3d 241, 251 (Mo. App. S.D. 2014). "Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008)(internal citation omitted). Public officers generally have official immunity from liability for injuries that arise from their discretionary acts or omissions. *Kanagawa v. State by and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985)(*overruled on other grounds*). A discretionary act requires the exercise of reason in determining the means to an end, and discretion in deciding how or whether an act should be done or a course pursued. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. banc 1984). There is no such thing as a minor discretionary act, and something as simple as a supervisor's decision on whether or not to turn on a paper shredder can be discretionary. *Kuehne v. Hogan*, 321 S.W.3d 337, 347 (Mo. App. W.D. 2010)(internal citation omitted). Official immunity applies to all discretionary acts other than those done in bad faith or with malice. *Stephens v. Dunn*, 453 S.W.3d at 251. In contrast, a public official may be liable in tort for breaching a ministerial duty imposed by statute or regulation. *Id.* at 250. However, "[t]he statute or regulation prescribing a ministerial duty must be mandatory, and not merely directory, and must mandate 'a ministerial,

5

not a discretionary, action.'" *Id.* In any event, an act is "discretionary" if it involves "…the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued." *Southers*, 263 S.W.3d at 610. In order to defeat official immunity for a discretionary act, Plaintiff must show the act was "maliciously and willfully wrong." *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986). Again, Plaintiff bears the burden of showing an exception to official immunity applies. *Stephens v. Dunn*, 453 S.W.3d at 251. With that in mind, Plaintiff's conclusory allegations, such as that Sheriff Arnott was negligent in employing subordinates (Doc. 6, para. 62-67) regard discretionary acts, and there are no fact allegations supporting malice; thus Plaintiff has failed to allege facts supporting an exception to official immunity. *See Papasan*, 478 U.S. at 286 (conclusory statements are not supporting facts); *and Sherill v. Wilson*, 653 S.W.2d 661, 669 (Mo. banc 1983)(hiring is a discretionary act).

### iii. Public Duty Doctrine

Similarly, the public duty doctrine protects public employees from civil liability for damages sustained by individuals that result from a breach of a duty owed to the general public. *See Southers*, 263 S.W.3d at 611-12 (Mo banc 2008)(internal citations omitted). The public duty doctrine is not an affirmative defense, and Plaintiff bears the burden of proof. *Id.* This rule is based on the absence of a duty to the particular individual, as contrasted to the duty owed to the general public. *Id.* As in official immunity, there is an exception for acts done in bad faith. *Id.* However, the public duty doctrine also provides wider protection than official immunity, in that absent bad faith, public employees are also shielded from breach of ministerial duties too, unless the injured party had a "special, direct, and distinctive interest" and the breach of those ministerial duties caused injury to that individual. *Id.* Here, Plaintiff's allegations to the effect

6

that subordinate jail staff should not have been employed, clearly regard duties owed to the public, and thus the public duty doctrine applies. *See e.g.* §221.020 (RSMo.)(county sheriff is in charge of the jail).

### 3. Plaintiff failed to state a claim as to Count III-municipal liability under 42 U.S.C. §1983

In Count III, Plaintiff alleged that Greene County had a policy, practice, procedure or custom of (1) failing to adequately control male guards' interactions with female inmates, (2) allowing guards to have "unfettered access to female inmates." (Doc. 6, para. 71-74). Plaintiff also alleged Sheriff Arnott "knew, should have known, or promulgated these policies, practices, procedures and/or customs, but took no action to stop them." (Doc. 6, para. 75). [1] Plaintiff concluded Greene County had "actual or constructive knowledge" of the acts of Levine and Lt. Mays. (Doc. 6, para. 78).

"Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwing v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016)(citations omitted).

First, despite the wording in the Amended Petition, "policy" and a "custom" are not synonyms. *Id.* A "policy" is an expression of a deliberate choice to adopt a guiding principle or procedure. *Id.* In contrast, "custom" requires "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was

---

[1] Regardless of whether Count III is construed to assert an official capacity suit against Sheriff Arnott, the analysis is the same. *See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007)(official capacity suit construed as against government entity).

injured by acts pursuant to the governmental entities custom, i.e., that the custom was a moving force behind the constitutional violation." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014).

Under an inadequate training theory, Plaintiff must be able to show: 1) that training was actually inadequate, 2) the government entity was deliberately indifferent to the rights of others in adopting those training practices, to the extent that the failure to train reflects a deliberate or conscious choice, and 3) the "alleged deficiency in the …training…actually caused the [Plaintiff's] injury." *Parrish*, 594 F.3d 993, 997 (8th Cir. 2010)(*quoting Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996). Moreover, there must be a patently obvious need for training, or else local government cannot have been deliberately indifferent. *Parrish*, 594 F.3d at 997-998. For instance, where the alleged right violation is patently unlawful (such as sexual assault), even a complete lack of training, on its own, is insufficient to state a municipal liability claim. *Id*. ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [local government]")(*quoting City of Canton v. Harris*, 489 U.S. 378, 390-91 (brackets by *Parrish*)). In that vein, the Eighth Circuit has "found no patently obvious need to train an officer not to rape young women *even in the face of actual knowledge of deviant behavior*, [and] we do not believe that there is a patently obvious need to train an officer not to sexually assault women, *especially* where there is no notice at all that such behavior is likely." *Parrish*, at 999.

In order to show deliberate indifference, Plaintiff must be able to show that, "…in light of the duties assigned to [the] specific officers…the need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers…can reasonably be said to have been deliberately indifferent to the need."

*Parrish*, 594 F.3d at 998 (*quoting City of Canton*, *supra*, 489 U.S. at 390). "In other words, [Plaintiff] must demonstrate that [Greene County] 'had notice … procedures were inadequate and likely to result in a violation of constitutional rights.'" *Parrish, supra*. (*quoting Andrews*, 98 F.3d at 1076)(internal citation omitted). Moreover, Plaintiff must show Greene County exhibited "deliberate indifference to the risk that a violation of a *particular* constitutional or statutory right will follow the decision." *Id.* (emphasis by *Parrish*).

No part of the Amended Complaint, including Count III, contains fact allegations that Greene County deliberately adopted a principle or procedure calling for detainees to be sexually assaulted in other jails, or for inmates to be denied medication until they cooperated in criminal investigations, or for any particular constitutional right violation of any kind. (Doc. 6). Plaintiff made no fact allegation to the effect that there has been a continuing, widespread, persistent pattern of similar right violations that could create a custom. (Doc. 6). Moreover, Plaintiff has not alleged facts that would support any causal relationship between any policy, or custom, of Greene County to any constitutional right violation. (Doc. 6). Plaintiff has not alleged any fact that would put Greene County on notice of the risk that Levine would sexually assault Plaintiff in the CCJ, or that Lt. Mahy would commit any act to punish Plaintiff for refusing to cooperate in the investigation. (Doc. 6). In sum, Plaintiff has failed to assert any facts that would support a municipal liability claim.

4.    **Plaintiff failed to state a claim as to Count IV – Cruel and Unusual Punishment**

Count IV asserted a claim against the Moving Defendants under the Eight Amendment because "Plaintiff…was denied access to medication and medical attention…running water, and access to food while in the Greene County Jail." (Doc. 6, para. 85). Plaintiff also asserted she was "repeatedly sexually assaulted by defendant Levine" in the Cedar County Jail. (Doc. 6, para. 85).

However, Plaintiff has not alleged she was a convicted prisoner, rather than a pretrial detainee. (Doc. 6). The Eighth Amendment does not apply to pretrial detainees. *See City of Revere v. Mass. Gen. Hosp.*, 464 U.S. 239, 244 (1983). Accordingly, Count IV must be dismissed.

### 5. Plaintiff's purported claims are barred under the PLRA

Plaintiff has not alleged she exhausted her administrative remedies before filing suit, or that she was unable to do so. (Doc. 6). The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. §1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Accordingly, Plaintiff is barred from pursuing such claims in the present suit.

### Conclusion

For all the foregoing reasons, the Moving Defendants are entitled to judgment on the pleadings.

Respectfully submitted,

By:*/s/Damon S. Phillips*
    Patricia A. Keck #42811
    Damon S. Phillips  #52901
    3140 E. Division Street
    Springfield, Missouri 65802
    Telephone: (417) 890-8989
    Fax:  (417) 890-8990
    Email: pat@keckaustin.com
    Email:  damon@keckaustin.com
    Attorneys for Greene County and
    Sheriff Jim Arnott

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendants Greene County and Sheriff Arnott's Suggestions in Support of their Motion for Judgment on Pleadings was

served via U.S. Certified Mail, postage prepaid, this $\underline{16^{th}}$ day of January, 2018 to:

Mr. Joseph LaCome
3025 E. Hawkins
Springfield, MO  65804

Mr. John Lightner
Kathrine O'Dell
Attorney at Law
1901-C S. Ventura
Springfield, MO  65804

*/s/Damon S. Phillips*
Damon S. Phillips
