IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

SHANNON GIBSON,               )
                              )
        Plaintiff,            )
                              )
    vs.                       )        Case No.: 6:17-CV-3255-BP
                              )
GREENE COUNTY, MISSOURI, et al., )
                              )
        Defendants.           )

### ANSWER OF DEFENDANT LEVINE

COMES NOW Defendant Levine (hereinafter "Answering Defendant"), by and through his undersigned counsel of record, and for his Answer to Plaintiff's First Amended Complaint (Doc. No. 6, and hereinafter referred to as "Complaint") states and alleges to the Court as follows.

1.      Answering Defendant admits Plaintiff was formerly in custody in the Cedar County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 1 of the Complaint and, therefore, denies same.

2.      Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 2 of the Complaint and, therefore, denies same.

3.      Answering Defendant admits he formerly worked at the Cedar County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 3 of the Complaint and, therefore, denies same.

4.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 4 of the Complaint and, therefore, denies same.

5.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 5 of the Complaint and, therefore, denies same.

6.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 6 of the Complaint and, therefore, denies same.

7.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 7 of the Complaint and, therefore, denies same.

8.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 8 of the Complaint and, therefore, denies same.

9.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 9 of the Complaint and, therefore, denies same.

10.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 10 of the Complaint and, therefore, denies same.

11.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 11 of the Complaint and, therefore, denies same.

12.     Answering Defendant admits Plaintiff was formerly confined at the Cedar County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 12 of the Complaint and, therefore, denies same.

13.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 13 of the Complaint and, therefore, denies same.

14.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 14 of the Complaint and, therefore, denies same.

15.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 15 of the Complaint and, therefore, denies same.

16.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 16 of the Complaint and, therefore, denies same.

17.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 17 of the Complaint and, therefore, denies same.

18.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 18 of the Complaint and, therefore, denies same.

19.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 19 of the Complaint and, therefore, denies same.

20.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 20 of the Complaint and, therefore, denies same.

21.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 21 of the Complaint and, therefore, denies same.

22.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 22 of the Complaint and, therefore, denies same.

23.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 23 of the Complaint and, therefore, denies same.

24.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 24 of the Complaint and, therefore, denies same.

25.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 25 of the Complaint and, therefore, denies same.

26.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 26 of the Complaint and, therefore, denies same.

27.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 27 of the Complaint and, therefore, denies same.

28.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 28 of the Complaint and, therefore, denies same.

29.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 29 of the Complaint and, therefore, denies same.

30.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 30 of the Complaint and, therefore, denies same.

31.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 31 of the Complaint and, therefore, denies same.

32. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Answering Defendant admits an investigation was conducted by the Missouri State Highway Patrol, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 36 of the Complaint and, therefore, denies same.

37. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 37 of the Complaint and, therefore, denies same.

38. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 38 of the Complaint and, therefore, denies same.

39.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 39 of the Complaint and, therefore, denies same.

40.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 40 of the Complaint and, therefore, denies same.

41.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 41 of the Complaint and, therefore, denies same.

42.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 42 of the Complaint.

43.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 43 of the Complaint and, therefore, denies same.

44.     Answering Defendant admits he formerly worked at the Cedar County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 44 of the Complaint and, therefore, denies same.

45.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 45 of the Complaint and, therefore, denies same.

46.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 46 of the Complaint.

47.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 47 of the Complaint and, therefore, denies same.

48.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 48 of the Complaint.

49.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 49 of the Complaint and, therefore, denies same.

50.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 50 of the Complaint and, therefore, denies same.

51.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 51 of the Complaint.

52.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 52 of the Complaint.

53.     Answering Defendant denies each and every other allegation, matter and averment made or contained in paragraphs 1 through 52, inclusive, of the Complaint not specifically and previously admitted herein.

## COUNT I

54.     To the extent paragraph 53 of Count I of the Complaint incorporates by reference each paragraph of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

55.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 54 of the Complaint.

56.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 55 of the Complaint.

57.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 56 of the Complaint.

58.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 57 of the Complaint.

59.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count I of the Complaint not specifically and previously admitted herein.

60.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count I of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT II

61.     To the extent paragraph 58 of Count II of the Complaint incorporates by reference each paragraph of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

62.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 59 of the Complaint and, therefore, denies same.

63. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 60 of the Complaint and, therefore, denies same.

64. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 61 of the Complaint and, therefore, denies same.

65. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 62 of the Complaint and, therefore, denies same.

66. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 63 of the Complaint and, therefore, denies same.

67. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 64 of the Complaint and, therefore, denies same.

68. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 65 of the Complaint and, therefore, denies same.

69. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 66 of the Complaint and, therefore, denies same.

70.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 67 of the Complaint and, therefore, denies same.

71.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 68 of the Complaint and, therefore, denies same.

72.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count II of the Complaint not specifically and previously admitted herein.

73.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count II of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT III

74.     To the extent paragraph 69 of Count III of the Complaint incorporates by reference each paragraph of said Complaint, Answering Defendant incorporates herewith his responses to said paragrpahs as set forth in this Answer as though said responses had been set forth at length herein.

75.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 70 of the Complaint and, therefore, denies same.

76. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 71 of the Complaint and, therefore, denies same.

77. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 72 of the Complaint and, therefore, denies same.

78. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 73 of the Complaint and, therefore, denies same.

79. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 74 of the Complaint and, therefore, denies same.

80. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 75 of the Complaint and, therefore, denies same.

81. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 76 of the Complaint and, therefore, denies same.

82. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 77 of the Complaint and, therefore, denies same.

83.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 78 of the Complaint and, therefore, denies same.

84.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 79 of the Complaint and, therefore, denies same.

85.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 80 of the Complaint and, therefore, denies same.

86.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 81 of the Complaint and, therefore, denies same.

87.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 82 of the Complaint and, therefore, denies same.

88.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count III of the Complaint not specifically and previously admitted herein.

89.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count III of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT IV

90.     To the extent paragraph 83 of Count IV of the Complaint incorporates by reference the allegations, matters and averments made or contained in each paragraph of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

91.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 84 of the Complaint and, therefore, denies same.

92.     To the extent, if any, paragraph 85 contains allegations concerning and/or accusations against Answering Defendant, said allegations and/or accusations are denied; however, Answering Defendant is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 85 of the Complaint and, therefore, denies same.

93.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 86 of the Complaint.

94.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 87 of the Complaint.

95.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 88 of the Complaint.

96.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count IV of the Complaint not specifically and previously admitted herein.

97.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count IV of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT V

98.     To the extent paragraph 89 of Count V of the Complaint incorporates by reference each paragraph of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

99.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 90 of the Complaint.

100.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 91 of the Complaint.

101.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 92 of the Complaint.

102.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count V of the Complaint not specifically and previously admitted herein.

103.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count V of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT VI

104.    To the extent paragraph 93 of Count VI of the Complaint incorporates by reference each paragraph of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

105.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 94 of the Complaint.

106.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 95 of the Complaint.

107.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 96 of the Complaint.

108.    Answering Defendant denies each and every other allegation, matter and averment made or contained in Count VI of the Complaint not specifically and previously admitted herein.

109.    Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count VI of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT VII

110.    To the extent paragraph 97 of Count VII of the Complaint incorporates by reference the allegations, matters and averments made or contained in each paragraph of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

111. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 98 of the Complaint.

112. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 99 of the Complaint.

113. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 100 of the Complaint.

114. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 101 of the Complaint.

115. Answering Defendant denies each and every other allegation, matter and averment made or contained in Count VII of the Complaint not specifically and previously admitted herein.

116. Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count VII of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT VIII

117. To the extent paragraph 102 of Count VIII of the Complaint incorporates by reference each paragraph of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

118. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 103 of the Complaint and, therefore, denies same.

119.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count VIII of the Complaint not specifically and previously admitted herein.

120.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count VIII of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## PLAINTIFF'S "PRAYER FOR RELIEF"

121.     Answering Defendant denies each and every request and/or prayer for relief contained within Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

122.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Plaintiff's Complaint not specifically and previously admitted herein.

123.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendant and fails to state a claim upon which relief may be granted against him so that the same should be dismissed at Plaintiff's costs.

124.     For other affirmative answer and defense, Answering Defendant alleges that any and all actions or acts committed by him or on his behalf were discretionary in nature and taken in good faith and were objectively reasonable under the circumstances then existing and were not in violation of clearly established law and, therefore, this Defendant is protected from liability by the doctrine of qualified immunity.

125.     For other affirmative answer and defense, Answering Defendant states any and all actions or acts committed by him or on his behalf were proper, reasonable and appropriate, and he

is protected by qualified immunity, official immunity, absolute immunity and/or judicial immunity.

126.     For other affirmative answer and defense, Answering Defendant alleges he acted with objective reasonableness under the circumstances then existing, and his conduct was justified and/or privileged and/or protected by the qualified immunity doctrine.

127.     For other affirmative answer and defense, Answering Defendant alleges that Plaintiff's damages, if any, were proximately caused by Plaintiff's own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendant, and whose fault should be compared.

128.     For other affirmative answer and defense, Answering Defendant states that to the extent, if any, that Plaintiff's Complaint attempts to state any cause of action under Missouri state law, Answering Defendant is protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of R.S.Mo. § 537.600, *et seq.*

129.     For other affirmative answer and defense, Answering Defendant states that Plaintiff is not entitled to any punitive damage award against him for any one or more of the following reasons:

(a)     The standards by which Answering Defendant's conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)     The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendant of the potential repercussions of his alleged conduct and are subject to the unbridled discretion of the fact

finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(c)    Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d)    Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e)    Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f)    Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g)    Plaintiff's request for punitive damages cannot protect Answering Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h)    An award of punitive damages would violate Answering Defendant' due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i)    To the extent Answering Defendant are being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

130. For other affirmative answer and defense, Answering Defendant state the conduct, decisions, actions and/or inaction attributed to them by Plaintiff in the Complaint involved discretionary activity and/or conduct and, accordingly, Answering Defendant are shielded from liability by operation of Missouri's official immunity doctrine.

131. For other affirmative answer and defense, Answering Defendant state the conduct, decisions, actions and/or inaction attributed to them by Plaintiff in the Complaint involved duties owed to the public at large and, therefore, Answering Defendant are shielded from liability by virtue of Missouri's public duty doctrine.

132. For other affirmative answer and defense, Answering Defendant state the conduct, decisions, actions and/or inaction attributed to them by Plaintiff in the Complaint involved discretionary action which was objectively reasonable under the circumstances then existing and was not in violation of clearly established law and, therefore, this Defendant is protected from liability by the doctrine of qualified immunity.

133. For other affirmative answer and defense, Answering Defendant state Plaintiff's claims are barred by the fact that she has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act including, but not limited to, 42 U.S.C. § 1997e(a).

134. For other affirmative answer and defense, Answering Defendant state that in the event Plaintiff is entitled to, or is awarded any damages, she is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997e(e).

135. For other affirmative answer and defense, Answering Defendant states Plaintiff consented to the interaction between them.

136. For other affirmative answer and defense, Answering Defendant states that at the time of the events at issue in this lawsuit consensual interaction between a person in Plaintiff's position and a guard or staff member was not in violation of clearly established law as to the constitutional rights of a plaintiff and, accordingly, Answering Defendant is entitled to qualified immunity.

137. Answering Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to him.

WHEREFORE, based upon the above and foregoing, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


 /s/ David S. Baker
David S. Baker                              #30347
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-523-4667, Ext. 121; Fax: 816-523-5667
dbaker@fisherpatterson.com
*Attorneys for Defendant Levine*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2018, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

Joseph LaCome
LaCome Law
3025 E. Hawkins Street
Springfield, MO 65804
*Attorneys for Plaintiff*

Damon S. Phillips
Patricia A. Keck
Keck & Austin, LLC
3140 E. Division Street
Springfield, MO 65802
*Attorneys for Defendants Greene County, Arnott, Mays*

John R. Lightner
Katherine A. O'Dell
Baird, Lightner, Millsap, P.C.
1901-C South Ventura Avenue
Springfield, MO 65804
*Attorneys for Defendant McNeese*

                                    /s/ David S. Baker
                                    DAVID S. BAKER