# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

SHANNON GIBSON,               )
                              )
                 Plaintiff,   )
        v.                    )        No. 17-3255-CV-S-BP
                              )
GREENE COUNTY, MISSOURI, *et al*., )
                              )
                 Defendants.  )

## ORDER AND OPINION GRANTING MOTION TO DISMISS DEFENDANTS GREENE COUNTY AND SHERIFF JAMES ARNOTT

Plaintiff has filed a suit against Greene County, Cedar County, the sheriffs in both counties, and several deputies in those counties. The Amended Complaint, (Doc. 6), asserts various claims under state and federal law. Greene County and its sheriff, James Arnott, have filed a Motion for Judgment on the Pleadings, (Doc. 50), asserting that (1) the state claims should be dismissed based on various immunities arising under state law, and (2) the federal claims allege insufficient facts to state a claim against them. Plaintiff opposes these arguments. The Court concludes that Greene County and Sheriff Arnott are correct, so their motion is **GRANTED** and the claims against them are **DISMISSED.**

## I. BACKGROUND

The Amended Complaint, (Doc. 6), alleges that Plaintiff was "placed into detention at the Greene County Jail" on April 20, 2017, and approximately one week later was transferred to the Cedar County Jail due to overcrowding in Greene County. (Doc. 6, ¶¶ 12-13.) While in Cedar County, Deputy Austin Levine allegedly sexually assaulted Plaintiff on numerous occasions. (*E.g.,* Doc. 6, ¶¶ 20-21.) Plaintiff also alleges (based on facts that need not be detailed here) that other jail employees in Cedar County knew what Levine was doing. (*E.g.,* Doc. 6, ¶¶ 17, 22-25.)

Plaintiff was transferred back to Greene County on or about May 26, 2017. Notes written by Levine to Plaintiff were discovered among her belongings, (Doc. 6, ¶ 26), and Plaintiff was placed in isolation. (Doc. 6, ¶¶ 29-33.) At some point, Lieutenant Mays (whose first name is not identified in the Amended Complaint or in Mays' Answer, (Doc 30)) told Plaintiff that she was placed in isolation because there was an investigation in the Cedar County Jail and Plaintiff could not speak with anyone else. (Doc. 6, ¶ 35.) Later, an investigator from the Missouri Highway Patrol tried to interview Plaintiff about Levine, but "Plaintiff did not want to be interviewed by the investigator and did not give full or complete answers the investigator wanted." (Doc. 6, ¶ 36.) Mays then told Plaintiff that she would remain in isolation because of her incomplete answers and failure to cooperate with the investigation. (Doc. 6, ¶ 37.) Plaintiff alleges the conditions in solitary were deplorable and that she was denied access to her medication while there. (*E.g.,* Doc. 6, ¶¶ 31-34, 38-41.)

Plaintiff also alleges, in conclusory fashion, that Sheriff Arnott (among others) "institute[ed] a policy at the Cedar County jail whereby Defendant Levine was not supervised" and other Cedar County deputies ignored Levine's assaults. (Doc. 6, ¶ 56; *see also* Doc. 6, ¶ 75.)[1] She makes similar allegations about Greene County, contending that Greene County "either failed to prevent, or allowed Levine to sexually assault Plaintiff while she was under their control." (Doc. 6, ¶ 73; *see also* Doc. 6, ¶¶ 72, 74.)

The Amended Complaint contains eight counts, but Count VIII only asserts a claim for attorney fees, so it is not a cause of action that needs to be analyzed. The claims asserted against Sheriff Arnott are asserted against him in his individual capacity only. (Doc. 6, ¶ 5.) Greene County and Sheriff Arnott are named in Counts I through IV only; those claims are:

---

[1] The Court reiterates its prior statement that Sheriff Arnott was the Sheriff in *Greene* County and not *Cedar* County. Nonetheless, the Court has accurately set forth Plaintiff's allegations.

**Count I**    Count I alleges that Plaintiff's Due Process rights were violated (1) when she was raped by Levine and the other Cedar County deputies failed to intervene, and (2) when Mays "lock[ed] her in solitary confinement in order to extract" her cooperation in the investigation. (Doc. 6, ¶¶ 54, 56.)  Count I further alleges that all Defendants (including Greene County and Sheriff Arnott) are liable for these constitutional violations.

**Count II**    Count II alleges that Greene County and Sheriff Arnott negligently trained, supervised, and retained employees, including Mays.  (Doc. 6, ¶¶ 60-64, 66.)

**Count III**    Count III asserts "Municipal Government Liability Under 42 U.S.C. § 1983," seeking to hold Greene County and Cedar County liable for the constitutional violations alleged in the Amended Complaint's other counts.  It alleges that both counties have a policy, practice, procedure or custom of (1) failing to adequately control male prison guards' interactions with female inmates, (2) allowing guards "such as Defendant Levine, to manage the jail population and to have unfettered access to female inmates without any supervision," (3) failing to prevent Plaintiff's sexual assault, and (4) "allowing Levine to sexually assault Plaintiff while she was under their control."  (Doc. 6, ¶¶ 71-74.)  In addition, Count III alleges that both counties "had actual or constructive knowledge of . . . Mays [sic] conduct toward Plaintiff" and did not prevent Mays' violation of Plaintiff's rights.  (Doc. 6, ¶¶ 78, 80.)

**Count IV**    Count IV alleges that Greene County and Sheriff Arnott violated Plaintiff's Eighth Amendment rights when she "was denied access to medication and medical attention, access to running water, and access to food while in detention at the Greene County Jail. Plaintiff was also denied medication for a full week to treat her medically diagnosed conditions." (Doc. 6, ¶ 85.)

Greene County and Sheriff Arnott McCrary argue that the three federal claims (Counts I, III, and IV) must be dismissed[2] because Plaintiff has not alleged sufficient facts to state a claim. Both Defendants argue that they are immune from the tort claims asserted in Count II.[3] Plaintiff disputes these contentions, and the Court resolves the parties' arguments below.

## II. DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *E.g., Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009).

---

[2] Defendants' Motion is entitled as one seeking judgment on the pleadings, and their Suggestions in Support invoke Rule 12(c). However, Defendants also repeatedly ask for "dismissal" of the claims against them as opposed to a "judgment," and a 12(c) motion can be used to allege the plaintiff has failed to state a claim. Fed. R. Civ. P. 12(h)(2)(B). The Court elects to treat the motion as one seeking dismissal because (1) the standards for the two motions are the same, *e.g., Ellis v. City of Minneapolis,* 860 F.3d 1106, 1109 (8th Cir. 2017), and (2) discovery of certain facts may enable Plaintiff to file a Second Amended Complaint that properly asserts some of the claims at issue.

[3] Greene County and Sheriff Arnott also contend that Plaintiff's federal claims are barred by the Prison Litigation Reform Act, ("the PLRA"). The PLRA does not apply if Plaintiff was not in the Greene County Jail when she filed her Complaint, *see, e.g., Nerness v. Jonhnson,* 401 F.3d 874, 876 (8th Cir. 2005), and Defendants did not respond to Plaintiff's contention that she was not in the Greene County Jail when she filed suit. Therefore, there is no need to discuss the PLRA.

## A. Count I

Count I broadly alleges that all Defendants are liable for all denials of Plaintiff's Due Process rights occurring in both Cedar County and Greene County. The Court will address the events in each county separately.

### *1. Violation of Plaintiff's Constitutional Rights in Cedar County*

Plaintiff alleges in a conclusory manner that Greene County and Sheriff Arnott instituted policies in Cedar County that allowed her to be raped in Cedar County, and that they failed to properly supervise Levine. Plaintiff does not allege any facts, however, that explain how Greene County and its Sheriff had any control over, or even knowledge of, what was happening in Cedar County. Therefore, the Court concludes that Count I does not set forth a plausible basis for holding Greene County or Sheriff Arnott liable for any Due Process violations that occurred in Cedar County.

For the third time, (*see* Doc. 28, p. 16; Doc. 49, p. 12),[4] Plaintiff characterizes defendants in this case as arguing "that inmates have no right to bodily privacy whatsoever, and that no matter what the circumstances, male staff may look at a naked female inmate while she is showering, toileting, or dressing, without violating her constitutional rights." (Doc. 53, p. 16.) For the third time, the Court points out that "[t]his is not an accurate characterization of Defendants' argument." (Doc. 44, p. 9 n.6; Doc. 54, p. 3 n.4.) Defendants do not argue that Levine's alleged actions did not violate Plaintiff's rights; they argue that the Amended Complaint does not set forth facts that would make Greene County or Sheriff Arnott liable for Levine's invasion of Plaintiff's rights, and Plaintiff does not address this point.

---

[4] All page numbers are those generated by the Court's CM/ECF system.

The Court agrees with Defendants that the Amended Complaint does not allege any facts that plausibly connect them to the events in Cedar County. Therefore, this aspect of Count I must be dismissed for failure to state a claim.

### 2. Violation of Plaintiff's Constitutional Rights in Greene County

Count I also seeks to hold Greene County and Sheriff Arnott liable for Mays' alleged unconstitutional conduct of placing Plaintiff in isolation. Plaintiff re-alleged Greene County's liability in Count III, and the Court will discuss Greene County's liability while addressing Count III.

With respect to Sheriff Arnott, Count I does not allege that Sheriff Arnott was involved in Mays' actions (by, for instance, ordering that Mays confine Plaintiff in solitary confinement). (Doc. 6, ¶ 56.) Various allegations in the Amended Complaint suggest that Plaintiff is relying solely on Sheriff Arnott's status as the sheriff to make him liable for Mays' actions. But respondeat superior liability does not exist under § 1983, *e.g., Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010), and Sheriff Arnott cannot be held liable simply because he is the Sheriff. "[A] supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Ottman v. City of Independence,* 341 F.3d 751, 761 (8th Cir. 2003). Plaintiff does not contend that the Amended Complaint plausibly suggests Sheriff Arnott's involvement in Mays' actions or that Sheriff Arnott was deliberately indifferent to Mays' actions; instead, Plaintiff's discussion of Count I focus on his allegations about Levine's actions in Cedar County. (Doc. 53, pp. 9-11.) Given the Amended Complaint's lack of facts demonstrating Sheriff Arnott's involvement in (or even awareness of) Mays' actions, Count I fails to state a claim against Sheriff Arnott.

## B. Count II

### *1. Negligence Claims Against Greene County*

Greene County argues that the tort claims for negligent hiring, supervision, and retention are barred by sovereign immunity. Plaintiff argues that one of the exceptions to sovereign immunity recognized under Missouri law applies in this case.[5] The Court agrees with Greene County.

Under Missouri law, public entities – including counties – enjoy sovereign immunity that protects them from tort claims. *E.g., Mangum v. Webster County,* 2017 WL 2291514 (Mo. Ct. App. 2017); *Ford v. Cedar County,* 216 S.W.3d 167, 170-71 (Mo. Ct. App. 2006); *Sisk v. Union Pac. R. Co.,* 138 S.W.3d 799, 806 (Mo. Ct. App. 2004). Sovereign immunity bars state claims regardless of whether they are based on negligence or constitute intentional torts. *E.g., Brooks v. City of Sugar Creek,* 340 S.W.3d 201, 206 (Mo. Ct. App. 2011) (quoting *Bennartz v. City of Columbia,* 300 S.W.3d 251, 262 (Mo. Ct. App. 2009)). Thus, sovereign immunity applies to all of Plaintiff's negligence claims against Greene County.

The only exceptions to sovereign immunity are for injuries (1) arising from an employee's negligent operation of a motor vehicle in the course of his employment, (2) caused by a dangerous condition on property, (3) caused by the performance of a proprietary (and not governmental) function, and (4) that are covered by insurance procured by the governmental entity. *Bennartz,* 300 S.W.3d at 259; Mo. Rev. Stat. § 537.600. Plaintiff's argument is not clear, but she has emphasized the second exception and seems to argue that Greene County's policies

---

[5] Plaintiff also mischaracterizes Greene County's argument as contending that the Eleventh Amendment bars the claims against it. (Doc. 53, pp. 11-12.) The Court need not address Plaintiff's Eleventh Amendment arguments because they do not apply here, where (1) Greene County has not invoked the protections of the Eleventh Amendment and (2) the issue is whether Missouri's application of sovereign immunity bars a cause of action arising under Missouri law.

created a "dangerous condition on property." (*See* Doc. 53, p. 19.) However, this exception is limited to physical conditions or deficiencies in (or on) real property. *E.g., Rodgers v. City of North Kansas City,* 340 S.W.3d 154, 158 (Mo. Ct. App. 2011). In *Rodgers,* the plaintiff argued that allowing a nurse to be alone with female patients in rooms that could be locked constituted a dangerous condition on property. The Missouri Court of Appeals rejected the theory, holding that "the 'placement' of [the nurse] in relation to non-defective property is not the equivalent of the circumstances contemplated" by this exception. *Id.* at 159. Similarly, Greene County's policies regarding the interaction between deputies and detainees will not qualify as an exception to sovereign immunity.

Greene County is immune from the tort claims Plaintiff has asserted. Accordingly, Greene County is dismissed from Count II.

### *2. Negligence Claims Against Sheriff Arnott*

Sheriff Arnott contends that Plaintiff's state claims against him are barred by official immunity.[6] Plaintiff argues that official immunity does not apply to intentional torts or actions taken in bad faith or with malice. The Court agrees with Sheriff Arnott that under Missouri law he is immune from the state claims Plaintiff has presented.

"Official immunity protects public officials from liability for alleged acts of ordinary negligence committed during the course of their official duties for the performance of discretionary acts." *Davis v. Lambert-St. Louis Int'l Airport,* 193 S.W.3d 760, 763 (Mo. 2006) (en banc). Claims alleging negligent supervision, hiring, and training are barred by official immunity. *E.g., Southers v. City of Farmington,* 263 S.W.3d 603, 621 (Mo. 2008) (en banc);

---

[6] Sheriff Arnott also contends that the public duty doctrine bars Plaintiff's state claims against him. There is no need to address the public duty doctrine in light of the Court's discussion about official immunity.

*Sherill v. Wilson,* 653 S.W.2d 661, 669 (Mo. 1983) (en banc); *Nguyen v. Grain Valley R-5 Sch. Dist.,* 353 S.W.3d 725, 733 (Mo. Ct. App. 2011).

Plaintiff argues that malicious acts are not barred by official immunity. Official immunity is not applicable where the discretionary act "is willfully wrong or done with malice or corruption." *Southers,* 263 S.W.2d at 610 (citation omitted). However, in arguing that Sheriff Arnott acted maliciously, she focuses exclusively on Levine's actions. (Doc. 53, pp. 12-13.) Plaintiff does not explain how, as the Greene County Sheriff, Sheriff Arnott had anything to do with Levine's hiring, supervision or training in Cedar County. Plaintiff also does not explain, either in her written arguments or the Amended Complaint, how Sheriff Arnott acted maliciously with respect to his hiring, supervision or training of Mays. Therefore, Sheriff Arnott is entitled to official immunity, and he is dismissed from Count II.

## C. Count III

Plaintiff's substantive constitutional claims against Greene County (Counts I and IV) arise under 42 U.S.C. § 1983. A plaintiff alleging municipal liability under § 1983 must allege and prove the additional elements set forth in *Monell v. Department of Social Servs.,* 436 U.S. 658 (1978). Plaintiff attempts to plead *Monell*'s requirements in Count III. Greene County alleges that Plaintiff's pleading is insufficient, and the Court agrees.

"Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence., MO.*, 829 F.3d 695, 699 (8th Cir. 2016) (quotations and citations omitted). A "policy" and a "custom" are not the same thing. *Id.* at 699-700. A policy is an expression of the municipality's deliberate choice to adopt a guiding principle or procedure. *Id.* at 700; *see also Szabla v. City of*

*Brooklyn Park, MN,* 486 F.3d 385, 389-90 (8th Cir. 2007) (en banc). A custom is established by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014).

Neither the Amended Complaint generally, nor Count III specifically, alleges that Greene County has (1) deliberately adopted a principle or procedure or (2) engaged in a custom that is relevant to Plaintiff's claims. Plaintiff points to paragraph 72 of the Amended Complaint, (Doc. 53, p. 19), but paragraph 72 alleges that Greene County (and Cedar County) "maintained a policy, practice, procedure and/or custom of allowing a jail guard, such as Defendant Levine, to manage the jail population and to have unfettered access to female inmates without any supervision." Paragraph 73 alleges that the two counties "either failed to prevent, or allowed Levine to sexually assault Plaintiff while she [was] under their control." However, as noted previously, Levine was a deputy in Cedar County, and nothing in the Amended Complaint (or elsewhere) presents facts or argument establishing that *Greene County* had anything to do with Levine's actions. The Amended Complaint's conclusory allegation that Greene County had a policy or custom governing Cedar County deputies is insufficient to plead a basis for municipal liability under § 1983. Plaintiff also has not identified – either in the Amended Complaint or her response to the instant motion – any policies or customs that might make Greene County liable for Mays' actions.

Count III does not allege a basis for imposing liability on Greene County; therefore, Count III and the constitutional claims that depend on it (Counts I and IV) must be dismissed as to Greene County.

### D.  Count IV

Count IV alleges Plaintiff's rights under the Eighth Amendment were violated.  However, the Amended Complaint alleges that Plaintiff was a pretrial detainee and not a convicted prisoner.  The Eighth Amendment applies only to individuals who have been found guilty of a crime and does not apply to pretrial detainees.  *E.g., City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244 (1983).  The Due Process Clause applies to pretrial detainees, *id.*, and the Due Process Clause (which forms the basis for Count I) gives pretrial detainees rights that are at least as great as the protections provided by the Eighth Amendment.  *E.g., Walton v. Dawson,* 752 F.3d 1109, 1117 (8th Cir. 2014).  Despite the similarity in the claims, Count IV must be dismissed because the Eighth Amendment did not apply to Plaintiff.[7]

### III.  CONCLUSION

The motion filed by Greene County and Sheriff Arnott seeking dismissal of the claims against them, (Doc. 50), is **GRANTED,** and all claims against Greene County and Sheriff James Arnott are **DISMISSED**.[8]

IT IS SO ORDERED.

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE:  February 21, 2018            UNITED STATES DISTRICT COURT

---

[7] This serves as an independent justification for dismissing Count IV as to Greene County.

[8] Unlike the other claims addressed in this Order, Counts I and III could be viable depending on information learned during discovery.  Therefore, the Court's dismissal of Greene County and Sheriff Arnott from Counts I and III is without prejudice to Plaintiff's ability to seek leave to file a Second Amended Complaint that properly alleges these claims.